NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 8 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JODY CARR, | No. 25-2375 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00314-DCN |
| v. | |
| TIMOTHY MCKAY, et al. | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted June 30, 2026[**]

Before: GOULD, RAWLINSON, and VANDYKE, Circuit Judges.

Appellant Jody Carr appeals pro se from the district court's grant of summary judgment to Defendants in his action alleging unconstitutional confinement conditions and due process violations. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Even construed generously, Carr's opening brief includes no arguments that contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A).[1] While we must liberally construe a pro se appellant's briefing, we cannot "manufacture arguments" for him. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994); *see also Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016). Accordingly, any legal challenges to the district court's grant of summary judgment are deemed forfeited. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1017, 1020 (9th Cir. 2011) (deeming forfeited issues not supported by argument in pro se appellant's opening brief); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (same); *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (deeming forfeited an argument that was not "coherently develop[ed]" (citation omitted)).

**AFFIRMED.**

---

[1] Our rules do not allow an appellant to satisfy the obligation to present argument merely by "append[ing] or incorporat[ing] by reference briefs submitted to the district court or agency or this Court in a prior appeal, or refer[ring] this Court to such briefs for the arguments on the merits of the appeal." 9th Cir. R. 28-1(b); *see also Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).